**Gumercindo Everisario CUCHILLA–VENTURA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–72876.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 19, 2010.

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District, Counsel Department of Homeland Security, San Francisco, CA, OIL, M. Lee Quinn, Emily Anne Radford, U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Gumercindo Everisario Cuchilla–Ventura, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Cuchilla–Ventura's testimony and his sworn statements during his airport interview as to why he came to the United States. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004) (when petitioner gives entirely different reasons for arrival in United States, discrepancy between testimony and sworn airport interview constitutes substantial evidence). Cuchilla–Ventura's contention that the agency failed to produce any evidence regarding the airport interview is belied by the record. Substantial evidence also supports the agency's adverse credibility determination based on the discrepancies between Cuchilla–Ventura's testimony and his asylum application regarding the location of the attacks he suffered in El Salvador. *See id.* Further, because the agency had reason to question Cuchilla–Ventura's credibility,

Cuchilla–Ventura's inability to corroborate his membership in the church youth group undermines his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000). Accordingly, in the absence of credible testimony, Cuchilla–Ventura's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Cuchilla–Ventura's CAT claim is based on the testimony the agency found not credible, and there is no evidence in the record that compels a finding that it is more likely than not he would be tortured if returned to El Salvador, his CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).